UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
KHALID LAHMADI,

              Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, P.O. LEWIS SUH,
Sergeant JUAN BASTIDAS and JOHN DOES "1-10",

              Defendants.
-------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Docket No.

19CV6881 (WFK)(SMG)

Plaintiff Khalid Lahmadi (the "Plaintiff"), complaining of defendants The City of New York (the "City"), The New York City Police Department (the "NYPD"), P.O. LEWIS SUH ("SUH"), Sergeant JUAN BASTIDAS ("BASTIDAS") and JOHN DOES "1-10" (collectively, the "Defendants"), by his attorneys, the Law Offices of Morris Fateha, alleges upon information and believe as follows:

## **PARTIES**

1. At all times hereinafter mentioned, Plaintiff was and is a natural person residing at 132 Bay 44th Street, 1st Floor, Brooklyn, New York 11214.

2. The City is a municipal organization with an address for the service of process at the Comptroller of the City of New York, Municipal Building—Room 1225, 1 Centre Street, New York, New York 10007.

3. The NYPD is a municipal organization with an address for the service of process at the Comptroller of the City of New York, Municipal Building—Room 1225, 1 Centre Street, New York, New York 10007.

4. Police Officer Lewis Suh, New York City Police Department ("NYPD") Shield # 20774, is an active police officer in the 14th Precinct, midtown precinct south, with an address for

the service of process at the 357 West 35th Street, New York, NY 1001 and is a resident of the Eastern District of New York.

5. Sergeant Supervising Officer Juan Bastidas, New York City Police Department ("NYPD"), is an active police officer in the Legal Matter Bureau who was the supervisory officer at the scene of the Plaintiff's arrest on March 15, 2018, with an address for the service of process at 1 Police Plaza, Room 1406, New York, NY 10007.

6. JOHN DOES "1-10" are fictitious and meant to represent the individual arresting officers and others responsible for the false imprisonment and subsequent injuries sustained by Plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff brings this suit under 42 U.S.C. §§ 1983, 1985 and 1988 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and New York State law, seeking declaratory relief and damages.

8. This Court has supplemental jurisdiction of the New York State law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper within this District under 28 U.S.C. §1391(b)(1) as one or more of the defendants reside or maintain a place of business in this District.

## RELEVANT BACKGROUND FACTS

10. Upon information and belief, Defendants owned, maintained, and controlled the various courthouses, jails and their equipment, police stations, and the vans used to transport prisoners, all hereinafter mentioned in this complaint.

11. That on March 15, 2018, commencing at approximately 12:05 p.m. in Times Square. Plaintiff was caused to be seriously injured when NYPD police officers Suh and

Bastidas approached Plaintiff, physically assaulted Plaintiff, put Plaintiff in handcuffs, assaulted and battered him; and refused to provide him with medical care and treatment; and failed to provide him with medication.

12. Police officers Suh and Bastidas used excessive and unnecessary force, caused Plaintiff to be taken to the precinct and kept in a cell without any rational basis and in violation of his constitutional and civil rights.

13. Plaintiff suffered severe and permanent injuries to his neck, wrist and back, and all other parts of the body; strain of neck with severe pain; swollen right wrist with severe pain and limited motion; strain of lumber region with severe pain; Plaintiff is unable to make proper use of his wrist, neck and back; extreme pain and suffering; mental anguish and distress; emotion distress; psychological injuries; Plaintiff required hospital and medical care and attention and will require such care and attention in the future; unable to attend to his usual duties and vocation; and Plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

14. That this arrest was illegal and without authority of law.

15. That this is an action for personal injuries and conscious pain and suffering sustained by Plaintiff.

16. That this action is based upon the negligence, carelessness, and recklessness of Defendants, their agents, servants, and/or employees.

17. Defendants were reckless, careless and negligent in arresting Plaintiff without any basis or justification; in arresting and detaining Plaintiff; in using excessive and unnecessary force; in baselessly claiming Plaintiff was involved in the theft of monies from a tourist; in assaulting and battering Plaintiff; in violating Plaintiff's civil and constitutional rights under

color of State, in violation of 42 U.S.C. §1983, §1985 and §1988; in indecently searching Plaintiff; in transferring Plaintiff to the Midtown South precinct and keeping him there without any basis; in failing to have properly trained personnel; in failing to properly supervise personnel; in violating applicable laws, rules and regulations; and Defendants were otherwise reckless, careless and negligent, as result of which Plaintiff suffered severe and permanent personal injuries.

18.    That upon information and belief, that at all times hereinafter mentioned, Defendants employed the officers, policemen and others hereinafter mentioned in this complaint.

19.    That as a result of the false arrest and illegal imprisonment, Plaintiff suffered, Plaintiff's health was impaired, Plaintiff suffered great mental distress, Plaintiff's reputation and character were injured, Plaintiff's earning power was permanently impaired, expenses were incurred by Plaintiff to secure his release, all to the Plaintiff's damage in an amount to be determined upon the trial of this action.

20.    That Plaintiff's condition is still being investigated and there may be other injuries that have been sustained that have not been alleged or diagnosed thus far.

21.    That in addition to the aforesaid injuries, Plaintiff sues for conscious pain and suffering and the associated pain, disabilities, discomforts, impairments, impediments, and restriction of motion in the affected areas, agony, shock, mental anguish and limitation of bodily functions and normal daily activities.

## **EXHAUSTION**

22.    That Plaintiff has exhausted all administrative remedies available to him.

## **PREVIOUS LAWSUITS**

23. That Plaintiff has not filed any prior lawsuits in this or any other court related to his false arrest and imprisonment.

## **AS AND FOR A FIRST CLAIM**
### **(False Imprisonment)**

24. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

25. Defendants falsely imprisoned Plaintiff by willfully detaining Plaintiff without his consent, and in the absence of authority to do so, by detaining him based on a baseless allegation that he was involved in the theft of monies.

26. At the time of the false imprisonment, Plaintiff knew that his freedom of movement had been restricted.

27. As a direct and proximate result of the actions of Defendants, Plaintiff was physically, emotionally and financially injured and suffered damages.

28. Defendants engaged in conduct with malice and reckless or callous indifference to the rights of Plaintiff.

## **AS AND FOR A SECOND CLAIM**
### **(42 U.S.C. §1983)**

29. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

30. Defendants knew they had a legal obligation to protect Plaintiff from assault and attack.

31. Plaintiff was attacked and assaulted by Defendants while in Defendants' custody and care, leading to serious physical injuries.

32. With deliberate indifference to Plaintiff's personal safety, Defendants failed to protect him from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

33. The deprivations of Plaintiff's rights described herein constitute a risk of harm so grave that it violated contemporary standards of decency.

## AS AND FOR A THIRD CLAIM
### (Outrageous Conduct/Intentional Infliction of Emotional Distress)

34. Plaintiff realleges and incorporates as if fully stated herein each and every allegation contained above and incorporate the same herein by this reference as though set forth in full.

35. Defendants, acting within the scope of their employment and/or agency, recklessly and with the intention of causing Plaintiff severe emotional distress, engaged in extreme conduct by assaulting and using unnecessary force against Plaintiff while in Defendant's custody and care, and by promoting a threatening and unduly hostile and antagonistic environment.

36. As a direct and proximate result of Defendants' acts, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress and was injured and damaged thereby.

37. Defendants engaged in conduct with malice and reckless or callous indifference to the rights of Plaintiff.

## DEMAND FOR JURY TRIAL

38. Plaintiff hereby demands a jury trial on all claims with respect to which she has a right to jury trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs requests the following relief from this Court:

(1) A declaration that the policies, practices, acts and omissions complained of herein violated Plaintiff's rights;

(2) Compensatory damages against each Defendant, jointly and severally, in excess of Five Million ($5,000,000.00) Dollars;

(3) Punitive damages against each defendant;

(4) Retention of jurisdiction over Defendants until such time that the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur;

(5) Reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and

(6) Such other relief as the Court may deem just and proper.

Dated: Brooklyn, New York
November 18, 2020

Respectfully submitted,

/S/Morris Fateha

_____

Morris Fateha, Esq.
*Attorneys for Plaintiff*
911 Avenue U
Brooklyn, New York 11223
(718) 627-4600

DEFENDANT(S) ADDRESS(ES):

The City of New York
c/o Comptroller of the City of New York
Municipal Building—Room 1225
1 Centre Street
New York, New York 10007

New York City Police Department
c/o Comptroller of the City of New York
Municipal Building—Room 1225
1 Centre Street
New York, New York 10007